DONALD F. and RITA R. McGRAW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McGraw v. Commissioner
Docket No. 5221-75.
United States Tax Court
T.C. Memo 1976-233; 1976 Tax Ct. Memo LEXIS 169; 35 T.C.M. (CCH) 1016; T.C.M. (RIA) 760233; July 27, 1976, Filed Donald F. McGraw, pro se. Marc A. Feller, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in petitioners' 1973 income tax in the amount of $1,001.20. Concessions having been made, two issues remain for our decision. The first issue is whether petitioners are entitled to deduct the cost of Donald F. McGraw's transportation between his residence and place of business under section 162. [1] The second issue is whether petitioners may deduct the cost of job-related tool and *170 clothing expenses. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Donald and Rita McGraw are husband and wife who resided at Folsom, Pennsylvania, at the time the petition was filed. Petitioners jointly filed their cash basis, calendar year Federal income tax return for 1973 with the Internal Revenue Service Center, Philadelphia, Pennsylvania. The statutory notice of deficiency was mailed to petitioner on April 30, 1975. Subsequently, petitioners substantiated the payment of union dues which respondent had disallowed in the notice of deficiency, but which respondent has since allowed in the amount of $1,102.84. Rita R. McGraw is a party to this proceeding solely by virtue of filing jointly the 1973 tax return; the term "petitioner" will hereafter refer to Donald F. McGraw. From August 9, 1969 to the present, petitioner has worked as an electrician employed by United Engineer & Constructors, Inc., at the construction site of a nuclear power generating plant at Artificial Island, Salem, New Jersey. Construction began at that site in late *171 1968. Petitioner's employment at Artificial Island has been uninterrupted, except for a period when he was laid off between late 1969 and February 1970. During a two-week strike in 1973, he worked in West Chester, Pennslyvania, for Wyeth Labs from July 23 through July 27. Petitioner was paid approximately $10 per hour for his work at the nuclear power plant. His hours at the plant were from 8 a.m. to 4:30 p.m., and his income in 1973 for work at the plant was $22,776.80. Petitioner was paid double his hourly rate for overtime, and he did work some special assignments in 1973 on weekends or holidays for which he received the overtime rate. Petitioner took no vacation and did not receive any paid vacation in 1973, and he lost no worktime due to illness. Petitioner was required by his employer to provide his own tools. He carried a toolbox with him to work each day because it was unsafe to store the tools at the jobsite. There was a history of theft of tools left overnight at the site. The toolbox measures approximately 8inch X 10inch X 24inch weighing with tools approximately 100 pounds. Petitioner carried his tools to work in the trunk of his Dodge "Charger" automobile. *172 The toolbox took up half of the trunk space. Public transportation did not offer a practical way of getting petitioner to and from the jobsite. Petitioner's residence is approximately 50 miles away from Artificial Island. During 1973 petitioner drove to and from the jobsite at Artificial Island each day that he worked there, driving a total of 14,300 miles and incurring costs of $1,806. It was of utmost importance to petitioner that he arrive at work on time because he was subject to pecuniary penalties for tardiness. Additionally, if he were late three times in a 10-day period he was subject to dismissal from the job. Petitioner could have substantially reduced his commuting costs by joining in a carpool with one other worker. Although he discussed the possibility of a carpool with other workers, petitioner never joined one. Respondent has conceded that petitioner is entitled to a deduction for the cost of job-related tools and protective clothing in the amount of $100. As an ultimate finding of fact, we find that petitioner would have driven his car by himself to and from the Salem jobsite even if he would not have had to carry his tools to work daily. OPINION
*173 The primary issue before us is whether section 162(a) entitles petitioner to deduct his expenses of traveling between his residence and the site of his employment because he had to transport tools necessary to perform his job. Also before us is whether petitioner may deduct the cost of job-related tool and clothing expenses. The legal standard which we must apply to the first above litigated issue of the deductibility of commuting expenses is found in , rehearing denied . If "by happenstance the taxpayer must carry incidentals of his occupation with him" then his commuting expenses are nondeductible personal expenses. ; sec. 262. In , we held that for any portion of a taxpayer's commuting costs to be deductible the taxpayer must prove that he would have incurred a smaller amount of commuting expenses had he not been required to carry his tools. . Petitioner argues that he would not have driven his personal automobile by himself to and from work each day were it not for the *174 necessity of transporting his tools. He contends that he would have joined a carpool but the size of his toolbox prevented him from doing so with even one other person. Public transportation was not practically available to him. Petitioner argues on brief that his toolbox occupied "substantially all of the trunk space in the auto," but he testified at trial that it occupied only half the space and that another toolbox could have probably fit in the trunk. He also argues that he and other workers had discussed carpooling at union meetings and had attempted to setup carpools at $1 per day, but that such discussions and attempts had failed because each worker's toolbox was too big to fit more than one in a car trunk. Nowhere in the record can we find evidence specific enough to support petitioner's factual analysis and argument on brief. Petitioner's testimony at trial concerning carpooling arrangements was vague. Petitioner had set and precise hours of work and worked little overtime in 1973; we think that his schedule would have allowed him to join a carpool in 1973 for the great majority of his working time. [2] However, he did not testify as to whom he attempted to solicit *175 for a carpool or specifically why his attempts failed other than to say that his toolbox made carpooling impractical. Petitioner has failed to carry his burden of proof, and we find that he would have commuted to work in his personal car by himself even if he had not had to carry his tools with him. Thus, petitioner incurred no additional expense in commuting because of his tools, and we sustain respondent's determination. Petitioner has not proven that he incurred an amount greater than the $100 conceded by respondent for his expenses for work-related tools and protective clothing; we therefore allow him a deduction of $100 for these items. Because of concessions, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. Compare, (facts involving the same construction project).↩